

Envelope: Correctional Training Facility at Soledad, Return to Sender Notification. Reason: Other - No longer here. Date: 1/28/08. Addressed to: CTF - Soledad, A.P. Kane, Warden, P.O. Box 686, Soledad, CA 93960-0686. FILED FEB - 1 2008, Richard W. Wieking, Clerk U.S. District Court, Northern District of California, Oakland. Handwritten: "No longer at this address — Return to Sender". Certified Mail 7002 3150 0001 6966 8549.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT A. MOSBY, | No. C 07-04216 SBA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY P. KANE, Warden, | |
| Respondent. | |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    2.    Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 1/15/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2  UNITED STATES DISTRICT COURT

3  FOR THE

4  NORTHERN DISTRICT OF CALIFORNIA

5

6

7  VINCENT MOSBY,                                    Case Number: CV07-04216 SBA

8          Plaintiff,                                **CERTIFICATE OF SERVICE**

9  v.

10  ANTHONY P KANE et al,

11          Defendant.
                                        /
12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

14
That on January 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17

18
Vincent A. Mosby H29851
19  CTF-Soledad
P.O. Box 689 F-241-L
20  Soledad, CA 93960-0689

21  Dated: January 17, 2008

22                                  Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28

P:\PRO-SE\SBA\HC.07\Mosby4216.OSC.wpd            3

1 | **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 | Name  MOSBY                VINCENT              A.
        (Last)                  (First)             (Initial)

3 | Prisoner Number  H29851

4 | Institutional Address  CTF-Soledad P.O. Box 689 F-241 Soledad, CA 93960-0689

FILED
AUG 16 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

VINCENT A. MOSBY

(Enter the full name of plaintiff in this action.)

vs.

ANTHONY P. KANE, WARDEN; SUSAN FISHER, CHAIRMAN, BOARD OF PAROLE HEARINGS, REAL PARTY IN INTEREST.

(Enter the full name of respondent(s) or jailor in this action)

Case No.  C 07 4216 (PR) SBA
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

### Read Comments Carefully Before Filling In

**When and Where to File**

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

**Who to Name as Respondent**

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   Court: Superior Court of California, County of Los Angeles      Location: Long Beach, Ca.

   (b) Case number, if known ___N/A___

   (c) Date and terms of sentence ___March 23, 1992   15 to life plus 1 Year___

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes _xx_   No ____

   Where?

   Name of Institution: Correctional Training Facility (Soledad)

   Address: P.O. Box 689 F-241 Soledad, CA 93960-0689

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   2nd degree murder as an "aider and abettor" not actual killer. P.C. 187

PET. FOR WRIT OF HAB. CORPUS      - 2 -

| | | |
|---|---|---|
|1| 3. Did you have any of the following? | |
|2|     Arraignment: | Yes _x_   No ____ |
|3|     Preliminary Hearing: | Yes _x_   No ____ |
|4|     Motion to Suppress: | Yes _x_   No ____ |
|5| 4. How did you plead? | |
|6|     Guilty ____   Not Guilty _xx_   Nolo Contendere ____ | |
|7|     Any other plea (specify) _N/A_____ | |
|8| 5. If you went to trial, what kind of trial did you have? | |
|9|     Jury _xx_   Judge alone ____   Judge alone on a transcript ____ | |
|10| 6. Did you testify at your trial? | Yes ____   No _xx_ |
|11| 7. Did you have an attorney at the following proceedings: | |
|12|     (a) Arraignment | Yes _xx_   No ____ |
|13|     (b) Preliminary hearing | Yes _xx_   No ____ |
|14|     (c) Time of plea | Yes ____   No ____   N/A |
|15|     (d) Trial | Yes _xx_   No ____ |
|16|     (e) Sentencing | Yes _xx_   No ____ |
|17|     (f) Appeal | Yes _xx_   No ____ |
|18|     (g) Other post-conviction proceeding | Yes _xx_   No ____ |
|19| 8. Did you appeal your conviction? | Yes _xx_   No ____ |
|20|     (a) If you did, to what court(s) did you appeal? | This Petition only deals with a parole hearing. |
|21|     Court of Appeal | Yes ____   No ____ |
|22|     Year: _N/A_   Result: _No information being provided._ | |
|23|     Supreme Court of California _N/A_ | Yes ____   No ____ |
|24|     Year: _N/A_   Result: _N/A_ | |
|25|     Any other court _N/A_ | Yes ____   No ____ |
|26|     Year: _N/A_   Result: _N/A_ | |
|27| | |
|28|     (b) If you appealed, were the grounds the same as those that you are raising in this | |

PET. FOR WRIT OF HAB. CORPUS      - 3 -

|   |   |   |
|---|---|---|
| petition? | N/A   Yes ____ | No ____ |
| (c) Was there an opinion? | N/A   Yes ____ | No ____ |
| (d) Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | N/A   Yes ____ | No ____ |

If you did, give the name of the court and the result:

N/A
_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   N/A   Yes ____   No ____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.  Name of Court: **Superior Court of California, Los Angeles**

Type of Proceeding: **Habeas Petition**

Grounds raised (Be brief but specific):

a. ~~evidence the decision was arbitrary and capricious.~~ The Board Panel was biased and, it did not have reliable

b. The Board deprived Petitioner of his liberty interest and had no evidence Petitioner was a threat to the public.

c. ~~when it denied him parole while giving others similarly~~ The Board denied Petitioner Equal Protection of the law situated the benefit of the law.

d. _____

Result: **DENIED**   Date of Result: **2-14-07**

II.  Name of Court: **California Court of Appeal, 2nd District**

Type of Proceeding: **Habeas Petition**

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

```
                    Same as grounds stated in question (a)    except:
              a._____

                The trial court erred when it allowed the board to use
              b._____

                the exception in 3041 (b) to deny parole. Petitioner's
              c._____

                 role in the offense was not "Especially heinous...."
              d._____
                to justify a denial of parole without any evidence.
              Result: DENIED                          Date of Result: 4-11-07
```

III. Name of Court: California Supreme Court

Type of Proceeding: Petition for Review

Grounds raised (Be brief but specific):

a. The Board's refusal to set a parole release date based on the evidence presented deprived Petitioner of liberty interest protected by federal due process.

b. ~~The board was biased in violation of Due proccess.~~ The Board has obligation to set release dates

c. ~~but denied Petitioner parole without reliable evidence.~~ Petitioner was denied his time credits to reduce his

d. ~~Term. Equal Protection, and Vagueness claims.~~

Result: DENIED                    Date of Result: 3-20-07

IV. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No xx

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS           - 5 -

1 | need more space. Answer the same questions for each claim.

2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 | Claim One: _____ See 6-A thru D Attached _____

6 | _____

7 | Supporting Facts: _____

8 | _____

9 | _____

10 | _____

11 | Claim Two: _____ See 6-A thru D Attached _____

12 | _____

13 | Supporting Facts: _____

14 | _____

15 | _____

16 | _____

17 | Claim Three: _____ See 6-A thru D Attached _____

18 | _____

19 | Supporting Facts: _____

20 | _____

21 | _____

22 | _____

23 | If any of these grounds was not previously presented to any other court, state briefly which
24 | grounds were not presented and why:

25 | _____
26 | _____
27 | _____
28 | _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

ATTACHED PAGE 6-A

### CLAIM I

THE BOARD MEMBERS AT PETITIONER'S HEARING WERE BIASED AND PREDISPOSED TO FIND AGAINST PETITIONER. THE DECISION TO DENY PAROLE WAS MADE WITHOUT ANY RELIABLE EVIDENCE THAT PETITIONER WOULD POSE AN "UNREASONABLE RISK" TO PUBLIC SAFETY IF RELEASED WAS ARBITRARY AND CAPRICIOUS. THE HEARING PROCESS WAS UNFAIR AND PARTIAL THEREBY DEPRIVING PETITIONER OF HIS PERSONAL LIBERTY INTEREST AND FUNDAMENTAL DUE PROCESS RIGHTS GUARANTEED BY THE 5th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION

On December 8, 2005. Petitioner appeared before the Board for his subsequent parole hearing following a 3 year denial of parole at his initial hearing. The Board denied parole based on it's boilerplate reason that Petitioner would pose an "unreasonable risk to society" without any such evidence in the record. The The Board's reasoning was only that the "motive" for the offense was "trivial". The Board presented no evidence under law to support a finding that Petitioner is "presently too dangerous" is a "continuing danger" or is a "current risk" of danger to the public. The decision was based on the predetermined biased panel members predisposition to make a finding against anyone convicted of certain crimes and therefore violated due process.

### CLAIM II

THE BOARD DEPRIVED PETITIONER OF HIS LIBERTY INTEREST AND OTHER PROTECTED DUE PROCESS RIGHTS WHEN IT DENIED PETITIONER PAROLE WITHOUT ANY RELIABLE EVIDENCE THAT PETITIONER WOULD BE AN "UNREASONABLE RISK" TO PUBLIC SAFETY (P.C. 3041 [b]) AND BY LABELING THE OFFENSE AS "INCREDIBLY TRIVIAL" WITHOUT CONSIDERING THE EVIDENCE PRESENTED AT THE HEARING WAS ALLOWED TO USE VAGUE, AMBIGUOUS, AND OVERBROAD LANGUAGE TO TURN THE OFFENSE INTO AN "ESPECIALLY HEINOUS ATROCIOUS OR CRUEL" OFFENSE, WITHOUT THOSE ELEMENTS BEING FOUND BY A JURY WAS ARBITRARY AND CAPRICIOUS VIOLATIVE OF THE 5th, 6th, AND 14th AMENDMENTS TO THE U.S. CONSTITUTION

The Board denied Petitioner a set parole release date by stating that the "motive" for the crime was "incredibly trivial" and somehow equated this with Petitioner now being a current risk to public safety if released. "The epistemological and ethical problems involved in the ascertainment and evaluation of motives are among the reasons the law has sought to avoid the subject." Also "[h]ardly any part of penal law is more definitely settled than that motive is irrelevant." Therefore, this standardless and vague assessment made by the Board violated Petitioner's due process rights as it did not offer any reliable evidence that Petitioner was currently too dangerous to receive a parole date that would most likely accrue sometime in the future. The language used by the Board was not explicit and no standard of conduct is specified by the language it utilized violating due process.

### CLAIM III

PETITIONER HAS IN FACT SERVED TIME IN EXCESS OF THAT WHICH IS MINIMALLY "REQUIRED BY HIS SENTENCE" AS IS MADE CLEAR BY CALIFORNIA VOTER INITIATIVE PROPOSITION 7. & PENAL CODE §190 WHICH PETITIONER WAS SENTENCED UNDER AND MAKES CLEAR THAT PENAL CODE 2931 SHALL APPLY TO "REDUCE" ANY MINIMUM TERM OF 25 OR 15 YEARS TO LIFE PETITIONER HAS A PROTECTED LIBERTY INTEREST IN RECEIVING THOSE CREDITS TO REDUCE

ATTACHED PAGE 6-B

HIS MINIMUM TERM AS HE HAS EARNED THOSE CREDITS WHICH ARE PROTECTED BY THE
DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION'S 14th AMENDMENT.

The Claifornia Department of Corrections and Rehabilitation ("CDCR") made the appropriate calculations of Petitioner's term reduction credits, and calculted Petitioner's minimum term which he has now surpassed, and therefore Petitioner was and is over the "minimum required by his sentence." The 15 years to reduce the 15 year minimum life sentence is only "one part" of Petitioner's sentence. The ability to reduce the 15 year minimum is the other half and is substantial as it is protected by Due Process and the holdings of the U.S. Supreme Court as well as the 9th Circuit Court of Appeals. The conclusion by the Board that Petitioner was an "Unreasonable risk" to public safety to deny Petitioner his earned credits was arbitrary and capricious as it had no reliable evidence that Petitioner was presently too dangerous for release.

## CLAIM IV

THE BOARD'S REFUSAL TO SET PETITIONER'S PAROLE RELEASE DATE, BASED ON THE
EVIDENCE PRESENTED, UNLAWFULLY DEPRIVED PETITIONER OF HIS CONSTITUTIONALLY
PROTECTED LIBERTY INTEREST VIOLATING THE DUE PROCESS CLAUSE OF THE 4th
AND 14th AMENDMENTS TO THE U.S CONSTITUTION

The Board refused to consider "all relevant and reliable information" presented at the hearing thereby denying Petitioner "due consideration. The Board ignored evidence of participation in self-help, and educational programs that Petitioner has been involved in despite the fact of the gross prison overcrowding now plaguing California's broken down prison system. The Board failed to consider Petitioner's mitigated role in the offense and when Petitioner submitted documented evidence of this by way of trial transcripts it did not have, and pointing to evidence in the sentencing transcripts, the Board saw this as being not "remorseful" etc. The Board totally ignored the evidence of victim provocation and that Petitioner never directly harmed the victim which under its own regulations and matrix was required to consider. The Board also ignored the professional forensic evidence of trained professionals with PH.D's that Petitoner was "remorseful" and that there were not _any_ "identifiable risk factors for future dangerousness." The Board's decision was "otherwise arbitrary" violationg the Due Process Clause of the 14th Amendment to the U.S. Constitution.

## CLAIM V

THE BOARD UTILIZED VAGUE AND AMBIGUOUS LANGUAGE WHEN DENYING PETITIONER A SET
RELEASE DATE. PETITIONER'S OFFENSE OR ROLE THEREIN DID NOT RISE TO THE LEVEL OF
"PARTICULARLY EGREGIOUS" OR "ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL." NOR DID
THE BOARD ITSELF ARTICULATE THAT STANDARD AS IT MUST IN ORDER TO JUSTIFY DENYING
PAROLE UNDER CCR. 15 2401 (c)(1) THE BOARD'USE OF MOTIVE TO DENY PAROLE DESTROYS
THE ACTS OF THE LEGISLATURE AND VIOLATES THE SEPARATION OF POWERS DOCTRINE
P.C. 3041 CONTROLS AND LIMITS THE BOARD'S REGULATIONS. THE LANGUAGE UTILIZED
BY THE BOARD WAS NOT FOUND TRUE BY A JURY WAS ARBITRARY AND CAPRICIOUS VIOLATING
THE 5th, 6th and 14th AMENDMENTS TO THE U.S. CONSTITUTION

The Board's utilization of "motive" to convert the commitment offense into an "especially heinous" crime or "more than the minimum necessary to sustain a conviction" is facially vague as no standard of conduct is specified at all, and it is impermissibly vague in all its applications. The regulation does not provide

ATTACHED PAGE 6-C

persons of ordinary intelligence reasonable opportunity to know what is prohibited, or does provide sufficiently explicit standards for those who apply it The regulation authorizes and even encourages arbitrary and discriminatory enforcement. The regulation "delegates overly broad discretion to the decisionmaker" and "permits an unascertainable standard" and "the opportunity for abuse is self evident" thereby violating due process.

## CLAIM VI

THE "SOME EVIDENCE" DOES NOT OFFER SUFFICIENT PROTECTION TO REVIEW PAROLE SUITABILITY HEARINGS AND TO PROTECT PETITIONER'S SUBSTANTIAL LIBERTY INTEREST HE HAS IN RECEIVING A PAROLE RELEASE DATE. THE BOARD FAILED TO APPLY EVEN ITS OWN BURDEN OF PROOF WHICH IS THE "PREPONDERANCE OF THE EVIDENCE" STANDARD. THE "SOME EVIDENCE STANDARD IN THE PAROLE CONTEXT IS "ILL SUITED TO THE SITUATION WHICH A HABEAS PETITIONER HAS HAD NO OPPORTUNITY TO REBUT THE EXECUTIVE'S FACTUAL ASSERTIONS BEFORE A NEUTRAL DECISIONMAKER" [U.S. Supreme Court (2004)] THE CORRECT STANDARD DELINEATED BY THE SUPREME COURT OF A STATE ADMINISTRATIVE AGENCY (BOARD) IS CLEAR AND CONVINCING EVIDENCE" PETITIONER'S DUE PROCESS RIGHTS WERE DEPRIVED IN CONTRAVENTION Of THE 14th AMENDMENT OF THE U.S. CONSTITUTION

The Board believes that its own standard of proof is the some evidence standard and this can be shown by the fact that in almost every case in which it denies parole which is at nearly 98 plus percent, it always relies on the circumstance of the offense and always states that the offense is in some way particularly egregious or more than the minimum necessary to sustain a conviction for the offense and uses this to satisfy the minimally stringent "some evidence" standard. Petitioner. The Board however failed to properly weight the evidence under its own "preponderance of the evidence" standard. The U.S. Supreme Court has not only stated that the "federal" standard of review of a "state" administrative agency decision that materially affects the individual's fundamental rights, is **clear** and **convincing evidence** "when the indivdual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money". Here, Petitioner was denied his personal liberty interest which is substantial. Also, the High Court has prescribed a 3 factor test to determine whether a particular standard of proof satisfies due process: (1) The private interest affected (2) the risk of erroneous deprivation of such interest, and (3) the government interest. Here, the Board as a direct result of its determination that Petitioner was an "unreasonable risk" without any factual evidence with any semblance of reliability of him being such a risk and without applying its own burden of proof, as well as that prescribed by the U.S. Supreme Court, has lengthened Petitioner's term of incarceration which is "otherwise arbitrary" and capricious violating fundamental due process rights.

## CLAIM VII

THE BOARD UNDULY DEPRIVED PETITIONER OF EQUAL PROTECTION OF THE LAW WHEN IT DENIED PETITIONER PAROLE BASED PRIMARILY ON THE COMMITMENT OFFENSE WITHOUT DUE CONSIDERATION OF HIS ROLE IN THE OFFENSE AND WHILST GIVING OTHERS WHOM ARE SIMILARLY SITUATED THE BENEFIT OF THE LAW AND GRANTING THEM PAROLE RELEASE DATES AND DENYING THE SAME TO PETITIONER VIOLATING THE EQUAL PROTECTION CLAUSE OF THE 14th AMENDMENT TO THE U.S. CONSTITUTION

The Board has applied and interpreted the laws regarding parole in this case in a discrminatory and invidious manner based solely on Petitioner's classification

ATTACHED PAGE 6-D

e.g., that he was convicted of second degree murder, while giving others the benefit of the law whom are similarly situated. Petitioner's offense was no more egregious than any of the published parole cases to date, and he has submitted to the state courts 21 similarly situated prisoners whose crimes could be considered more egregious than Petitioner's especially when considering the circumstances surrounding the offense and his role therein.

## CLAIM VIII

THE TRIAL COURT ERRED WHEN IT ALLOWED THE BOARD TO INEXPLICABLY AND UNJUSTIFIABLY USE THE EXCEPTION IN PENAL CODE §3041 (b) TO SWALLOW THE RULE THAT PAROLE SHALL "NORMALLY" BE GRANTED. PETITIONER'S ROLE IN THE OFFENSE WAS NOT "PARTICULARLY EGREGIOUS" OR "ESPECIALLY HEINOUS ATROCIOUS OR CRUEL" TO JUSTIFY THE DEPARTURE FROM PENAL CODE §3041 (a) THERE WAS NO EVIDENCE IN THE RECORD OF UNSUITABILITY WITH AN INDICIA OF RELIABILITY THAT PETITIONER WAS AN PRESENT UNREASONABLE RISK TO PUBLIC SAFETY IF RELEASED AT THIS TIME. THE TRIAL COURT'S DECISION WAS UNREASONABLE IN LIGHT OF THE FACTS PRESENTED AND WAS "OTHERWISE ARBITRARY" AND CAPRICIOUS IN VIOLATION OF THE 5th AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION

The state trial court passed over much of the evidence presented to the Board by Petitioner, evidence which also pointed out to the state courts in Petitioner's state habeas corpus petitions. The evidence in the administrative record was disregarded and ignored. Mitigating evidence was seen as "minimizing" Petitioner's role in the offense when the evidence presented in fact showed that Petitioner's role in the offense was minimal. Evidence of participation in self-help and educational programs that Petitioner could participated in and that were not full due to years of overcrowding shows that his ability to function within the law upon release was enhanced yet this was cast aside, as well as the fact that Petitioner has not received even one disciplinary infraction during his entire period of incarceration was not given proper weight and was cast aside also and was overlooked. Petitioner did not receive due consideration or individualized consideration of his culpability in the offense as an aider and abettor and not the actual shooter in the offense nor in any of the above mentioned facts Petitioner argued in his state habeas petitions. The state courts decision was an unreasonable application of the facts in light of the evidence presented in Petitioner's case violating due process.

| | |
|---|---|
| 1 | List, by name and citation only, any cases that you think are close factually to yours so that they |
| 2 | are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning |
|   | Maynard v. Cartwright (1988) 486 U.S. 356; Coates v. Cincinnati 402 U.S. 611, 614 |
| 3 | Yick Wo v. Hopkins 118 U.S. 356, 369; Wolf v. McDonnel 418 U.S. 539; Withrow v. Larkin of these cases: |
|   | (1975) 421 U.S. 35, 95 S.Ct. 1456; Schweiker v. McClure (1982) 456 U.S. |
| 4 | 188, 102 S.Ct. 1665; Morrisey v. Brewer (1972) 408 U.S. 471; Greenholtz v. Nebraska |
|   | Board of Pardons v. Allen (1987) 482 U.S. 368; Marshall v. Jerrico (1980) 446 U.S. |
| 5 | 238, 242; Gibson v. Berryhill 411 U.S. 564 (1973); Martinez v. California 444 U.S. |
| 6 | 277, 282; Superintendent v. Hill 472 U.S. 445, 455; Edwards v. Balisok 520 U.S. 641 McQuillion v. Duncan 306 F.3d 895 (9th Cir. 2002); Biggs v. Terhune 334 F.3d 910 |
| 7 | (9th Cir 2003) In re Scott 119 Cal.App 4th; In re Lee 49 Cal.Rptr.3d; In re Lawrence WL1475293; Do you have an attorney for this petition? Yes___ No _X_ |
| 8 | Santosky v. Kramer 455 U.S., 754 (1982); Addington v. Texas 441 U.S. 418; etc. Irons v. Carey 479 F.3d 658 (2007) If you do, give the name and address of your attorney: |
| 9 | Can't afford one, would like one appointed to help protect my liberty interest. |
| 10 | WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in |
| 11 | this proceeding. I verify under penalty of perjury that the foregoing is true and correct. |
| 12 | |
| 13 | Executed on  8-8-07                                    V. Mosby |
| 14 |                    Date                                  Signature of Petitioner |
| ... | |
| 20 | (Rev. 6/02) |

PET. FOR WRIT OF HAB. CORPUS         - 7 -

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, **Vincent A. Mosby**, declare: I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

**Vincent Mosby**, CDCR #: **H29851**
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: **F-241**
SOLEDAD, CA 93960-0689.

On **August 8, 2007**, I served the attached:

**Petition for Writ of Habeas Corpus**

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102-3483

Office of the Attorney General
300 South Spring Street
Los Angeles, CA 90013

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **8-8-07**.

_V. Mosby_
Declarant