EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5774
  Fax: (415) 703-5843
  Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Board of Parole Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VINCENT MOSBY,<br><br>               Petitioner,<br><br>v.<br><br>ANTHONY P. KANE, Warden,<br><br>               Respondent. | C07-4216 SBA<br><br>**RESPONDENTS' NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Hon. Saundra B. Armstrong |

TO PETITIONER VINCENT MOSBY, IN PRO SE:

PLEASE TAKE NOTICE that Respondent A.P. Kane, Acting Warden at the Correctional Training Facility, moves this Court to dismiss the petition for writ of habeas corpus pursuant to Rule 2 of the Federal Rules Governing Habeas Cases, on the ground that Petitioner has pled insufficient facts and failed to meet his burden of proof to support his claim. No hearing is requested. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                                                                       *Mosby v. Kane*
                                                                                                       Case No. C07-4216 SBA

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Vincent Mosby is a California state inmate at the Correctional Training facility, proceeding pro se in this habeas corpus action. Petitioner alleges that the Board of Parole Hearings (Board) violated his due process rights by: (1) denying him parole with boilerplate reasoning without any evidence in the record; (2) labeling his offense as "incredibly trivial," which uses vague, ambiguous, and overbroad language and without reliance on any findings properly determined by a jury; (3) denying him parole and therefore failing to properly apply any reduction credits; (4) ignoring mitigating and suitability evidence; (5) using regulations containing vague and ambiguous language; (6) using an improper standard of proof; and (7) applying laws that deprive him of equal protection of the law. (Pet. at 6A-6D.) Petitioner also claims that his panel was "biased and predisposed" to find against him, and that the state trial court disregarded evidence in reviewing his state habeas petition. (*Id.*)

However, Petitioner fails to state any facts or cite to any case law that supports the merit of his claims. He also does not attach any documentary evidence that substantiates or supports any of his claims, such as the parole hearing transcript, the record the Board relied on when considering his parole suitability, or any proof of the miscalculations of his sentence. Moreover, Petitioner fails to show that he properly exhausted his state court remedies. Accordingly, he has not established a prima facie case for relief in habeas corpus, and the petition must be dismissed.

### ARGUMENT

### I.

### PETITIONER DOES NOT ALLEGE SPECIFIC INFORMATION SUFFICIENT FOR ENTITLEMENT TO HABEAS RELIEF.

Petitioner has the burden of proving his constitutional claims. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Mere conclusions of violations of federal rights in a federal habeas petition without specifics do not state a basis for habeas corpus relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Notice pleading is insufficient. *Davis*, 384 F.3d at 1003.

In order to substantially comply with the habeas pleading rule, a petitioner must state

specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas review. Federal Rules Governing § 2254 Cases, Rule 2(c)(2); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). A petition that fails to state any facts warranting the relief sought is procedurally deficient and need not be considered by the court. *Soewapadji v. Wixon*, 157 F.2d 289, 290 (9th Cir. 1946).

Here, Petitioner sets forth a myriad of claims that are couched in conclusory allegations without sufficiently pled facts. For example, with respect to his first claim, Petitioner states that the Board's decision "was based on the predetermined biased panel members [sic] predisposition to make a finding against anyone convicted of certain crimes and therefore violated due process." (Pet. at 6A.) Petitioner states nothing further, such as how bias applied specifically to him, when the bias occurred during the hearing, or how the parole denial decision exhibits bias. He attaches no documentary evidence in support of this bias allegation, such as statements that the panel members made that exhibited bias against him or that he tried to object during the course of the hearing because his panel was not impartial. Another example of Petitioner's deficient pleading is his claim that the Board's denial of parole denies Petitioner of the reduction credits he earned. (*Id.* at 6B.) Yet, he provides no documentary evidence to support his contention that he has earned any reduction credits. Petitioner's fourth claim that the Board refused to consider his mitigated role in the offense, especially after he provided the Board with trial transcripts, is also unsubstantiated. (*Id.*) Petitioner's seventh claim references documents that he submitted to the state court to evaluate his equal protection claim, but he attaches neither the state court decisions reviewing or commenting on these documents nor the actual documents which allegedly support his equal protection claim. (*Id.* at 6D.) Thus, this Court has nothing to consider in its review of the state court decisions.

Moreover, in order to receive relief from this Court, Petitioner must show that the state court decisions amount to a violation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d). Here, Petitioner does not allege anything amounting to a challenge that the state court denials of his habeas petitions were contrary to, or involved an

1  unreasonable application of, clearly established United States Supreme Court law, or that the
2  denials were based on an unreasonable interpretation of facts in light of the evidence presented.
3  In fact, Petitioner does not attach documentary proof of any state court decisions let alone cite to
4  any clearly established federal law in his arguments. Thus, neither Respondent nor this Court
5  can determine a proper basis for granting federal habeas relief. Accordingly, the Petition must be
6  dismissed.

7  Ultimately, Petitioner bears the burden of proof by a preponderance of evidence to establish
8  his constitutional claims. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Petitioner, however,
9  fails to provide *any* evidentiary support for his claims, let alone enough to amount to a
10 preponderance. Thus, the lack of documentary evidence not only leaves Respondent with little to
11 respond to in its Answer, but also does not meet Petitioner's burden to sufficiently prove his
12 constitutional claims. Accordingly, this Petition should be dismissed.

## II.

### THIS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER FAILED TO SHOW THAT HE EXHAUSTED HIS STATE JUDICIAL REMEDIES.

16 A petitioner has the burden of proving that he exhausted his state remedies before filing his
17 federal petition. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled on other grounds by*
18 *Fay v. Noia*, 372 U.S. 391, 435 (1963) (overruling *Darr* "to the extent it may be thought to have
19 barred a state prisoner from federal habeas relief if he had failed timely to seek certiorari from
20 [the United States Supreme] Court from an adverse state decision.").

21 Here, Petitioner failed to prove that he has properly exhausted his state judicial remedies
22 because he does not provide any documentary evidence showing that he fairly presented his
23 federal claims to a lower state court. *Rose v. Lundy*, 455 U.S. 509 (1982); *Gray v. Netherland*,
24 518 U.S. 152 (1966). He alleges that he filed petitions in the state courts (see Pet. at 4), but cites
25 no case numbers or any other identifying information to enable Respondent or this Court to
26 verify that the state courts had the opportunity to review and rule on his habeas claims. At the
27 very least, Petitioner could have attached copies of the petitions he filed in the state court, for this
28 would have satisfied his burden of proof. *Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986)

(merely attaching a state court petition satisfies the exhaustion requirement). Petitioner even refers to the state trial court's disregard of several of his claims or evidence presented, yet includes no attachments or exhibits to substantiate these claims. (Pet. at 6-C, 6-D.) Because Petitioner attaches no documentation to show proper exhaustion, he fails to meet this limited burden of proof. Accordingly, his Petition must be denied.

## CONCLUSION

Petitioner fails to meet both his pleading burden to sufficiently state facts in support of his constitutional claims and his burden of proof to show proper exhaustion. Accordingly, Petitioner has not established a prima facie case for relief in habeas corpus and this Court should dismiss the Petition.

Dated: March 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

40222183.wpd
SF2008400423

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Mosby v. Kane*
Case No. C07-4216 SBA

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Mosby, Vincent v. Anthony P. Kane, Warden**

No.:   **C07-4216 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 11, 2008, I served the attached

**RESPONDENTS' NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Vincent Mosby**
**H-29851**
**Correctional Training Facility**
**P.O. Box 689 / F-241**
**Soledad, CA 93960-0689**
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 11, 2008, at San Francisco, California.

| L. Santos | *[signature]* |
|---|---|
| Declarant | Signature |

40227926.wpd