EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5774
  Fax: (415) 703-5843
  Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Warden A.P. Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VINCENT MOSBY,<br><br>                          Petitioner,<br><br>v.<br><br>ANTHONY P. KANE, Warden,<br><br>                          Respondent-Appellee. | C07-4216 SBA<br><br>**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**<br><br>Judge: The Hon. Saundra B. Armstrong |

      On March 11, 2008, Respondent filed a Motion to Dismiss, to which Petitioner filed an Opposition on March 20, 2008. Respondent provides this Reply, which shows that Petitioner has still failed to present sufficient facts in support of his grounds for relief. In addition, although Petitioner provides the requisite documents showing exhaustion as attachments to his Opposition, he still fails to provide any documentary evidence in support of his claims.

///

///

///
Reply to Opp'n to Mot. to Dismiss

*Mosby v. A.P. Kane, Warden*
C07-4216 SBA

## I.

**PETITIONER CANNOT RELY ON THE FACT THE COURT ISSUED AN ORDER TO SHOW CAUSE AND HIS BASIC COMPLETION OF THE STANDARD HABEAS FORM TO PROVE HE FULFILLED HIS PLEADING BURDEN.**

In his Opposition, Petitioner states "Had Petitioner not pleaded [sic] sufficient facts for the Court to issue and [sic] Order to Show Cause this Court would not have done so." (Opp'n. at 5.) Petitioner also defends his pleading based on the fact that "he used the habeas corpus form issued by this Court." (*Id.* at 4.) Petitioner's reasoning is flawed.

According to the Rules Governing Section 2254 Cases, a federal court conducts a preliminary review of all petitions filed in habeas cases. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge will dismiss the petition. Rule 4, 28 U.S.C. Foll. § 2254. For example, if a petitioner alleges a frivolous claim or does not allege a constitutional claim, a district court may screen out a habeas petition. Summary dismissals by district judges, however, are rare, as federal courts take great care not to dismiss habeas pro se petitions too swiftly without a response. *Ron v Wilkinson*, 565 F2d 1254 (2nd Cir. 1977) (to justify sua sponte dismissal, lack of petition's merit should be unmistakable). Such judicial leniency often results in allowing borderline cases to proceed and permits judges to issue an order to show cause. *Williams v Kullman*, 722 F2d 1048 (2nd Cir. 1983).

Given this low standard for pro se habeas petitions, the fact that a court issues an order to show cause does not mean that it believes the petition has merit, but that it does not appear from the face of the petition that it is *without* merit. (See Order.) Accordingly, this then allows the state an opportunity to review the petition's claims and either move the court for a dismissal or provide an answer. (*Id.*) Thus, the state must address preliminary issues such as procedural default, before a federal court may even consider the merits of a claim, and is in fact obligated to raise affirmative defenses to avoid waiver. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996); *Trest v. Cain*, 522 U.S. 87, 89 (1997). Because Petitioner failed to prove whether he properly exhausted his state remedies, to avoid waiver of procedural default Respondent properly moved to dismiss.

1   Furthermore, even if pro se habeas petitions receive greater leniency from federal courts,
2   this does not imply that a habeas petition is exempt stating facts that point to a "real possibility of
3   constitutional error." *See Mayle v. Felix*, 545 U.S. 644 (2005); Advisory Committee's Note on
4   Habeas Corpus Rule 4, 28 U.S.C. § 2254.  Thus, the issue here is not whether Petitioner properly
5   completed his § 2254 form, but whether he presented sufficient facts that would support each
6   ground for relief.  In neither his Petition nor his Opposition does Petitioner cite to specific facts
7   from his parole hearing where the Board violated his right to due process.  He does not discuss
8   any specific evidence reviewed by the Board nor allege or present any evidence that contradicts
9   the Board's conclusions or the record.  He attaches no proof to support his claim that Respondent
10  incorrectly calculated his term.  When he discusses his "mitigated role in the offense," he does
11  not mention what this role was or how it constitutes mitigation.  Similarly, he refers to evidence
12  of victim provocation, yet does not state facts here either.  He argues that his equal protection
13  rights were violated by alleging that other similarly situated prisoners receive different treatment,
14  but presents no further factual information.  Perhaps the most glaring omission from Petitioner's
15  pleadings, however, is that he fails to allege any facts relating to his commitment offense, yet
16  claims that his second degree murder was not "particularly egregious." (Pet. at 6D.)  Without
17  factual support, Respondent cannot answer Petitioner's claims and this Court cannot provide
18  relief.  Accordingly, Petitioner has not shown that his pleading *holds* merit and therefore, the
19  Petition should be dismissed.

## II.

**PETITIONER CANNOT SHIFT HIS BURDEN OF PRODUCTION TO RESPONDENT.**

23  Habeas petitioners cannot rely on conclusory assertions to prove exhaustion but must
24  present affirmative evidence to prove they presented all claims to the state courts prior to filing a
25  federal petition.  *See Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (habeas petitioners
26  have a burden to affirmatively prove that their petition is not barred by procedural default).
27  Here, Petitioner may have alleged that he exhausted, but he attached no exhibits to his 11-page
28  pleading to prove proper exhaustion.  His insinuation that the Office of Attorney General could

Reply to Opp'n to Mot. to Dismiss                                    *Mosby v. A.P. Kane, Warden*
                                                                      C07-4216 SBA

1  order his file and transcripts appears to shift his burden to Respondent. Yet Petitioner cites no
2  authority for this contention, mainly because there is none. The burden is on the habeas
3  *petitioner* to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (emphasis added);
4  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950).

5  Furthermore, although Petitioner attaches documentation to his Opposition showing
6  exhaustion in the California Supreme Court, he does not attach a complete record of his parole
7  consideration hearing, nor any additional evidence to support his claims asserted in the Petition.
8  Because Petitioner again fails to meet his burden of production, this Petition should be
9  dismissed.

## CONCLUSION

Petitioner fails to sufficiently plead facts in support of his constitutional claims. Petitioner also does not attach any documentary evidence to support the claims in his Petition. Accordingly, this Court should dismiss the Petition.

Dated: April 1, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

40232375.wpd
SF2008400423

Reply to Opp'n to Mot. to Dismiss                    *Mosby v. A.P. Kane, Warden*
                                                      C07-4216 SBA

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Mosby, Vincent v. Anthony P. Kane, Warden**

No.:   **C07-4216 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 1, 2008</u>, I served the attached

### REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Vincent Mosby**
**H-29851**
**Correctional Training Facility**
**P.O. Box 689 / F-241**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 1, 2008, at San Francisco, California.

|  |  |
| --- | --- |
| L. Santos | [signature] |
| Declarant | Signature |

40235587.wpd