IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MOSBY,<br><br>　　　　Petitioner,<br>v.<br>ANTHONY P. KANE, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 07-04216 SBA (PR)<br><br>**ORDER (1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION; (2) DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS; AND (3) ISSUING SECOND ORDER TO SHOW CAUSE**<br><br>(Dockets nos. 6, 11) |

　　　　Petitioner Vincent Mosby, a state prisoner at the California Training Facility in Soledad, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the denial of his parole by the California Board of Parole Hearings (Board).

　　　　Before the Court are Petitioner's motion for leave to file an amended petition and Respondent's motion to dismiss. Having considered the papers submitted, Petitioner's motion is GRANTED, and Respondent's motion to dismiss is DENIED as moot.

## **BACKGROUND**

　　　　On March 23, 1992, Petitioner was sentenced to a term of sixteen years to life. (Mot. to Am., Ex. A at 2.) On December 8, 2005, the Board denied Petitioner parole. (Opp'n, Ex. D.) On May 2, 2006, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on February 14, 2007. (Opp'n, Ex. A.) On March 16, 2007, Petitioner filed a habeas petition in the state appellate court, which was denied on April 11, 2007. (Id.) On April 19, 2007, Petitioner filed a petition for review in the state supreme court, which was denied on June 20, 2007. (Opp'n at 12.) In his petition for review, Petitioner raised three claims: (1) the Board's "refusal to set Petitioner's parole release date, based on the evidence presented, unlawfully deprived him of a constitutionally-protected state and federal liberty interest;" (2) "the 'some evidence' standard as applied by the [Board's] parole suitabilty decisions is an unreasonable application of prevailing U.S. Supreme Court Authority;" and (3) the Board "unduly deprived Petitioner of his equal protection rights when it denied petitioner parole based on the nature of the offense without consideration of his role therein,

while giving other prisoners similarly situated the benefits of the law." (Pet. for Rev. at 3, 12, 20.)

Petitioner filed his original federal petition on August 16, 2007, alleging eight separate claims for relief. (Pet. at 6-A - 6-D.) On January 15, 2008, the Court ordered Respondent to show cause why the original petition should not be granted. On March 11, 2008, Respondent filed a motion to dismiss the original petition. Petitioner filed an opposition on March 19, 2008. Respondent filed a reply on April 1, 2008.

On December 10, 2008, Petitioner filed a motion for leave to file an amended petition, and he also attached a copy of his amended petition, alleging two claims for relief. Petitioner's amended petition includes: the entire transcript of his December 8, 2005 parole consideration hearing (Am. Pet., Ex. A); the state superior court's denial of his state habeas petition (id., Ex. B); the state appellate court's denial of his state habeas petition and the state supreme court's denial of his petition for review (id., Ex. D); and a copy of a mental health evaluation as well as other evidence of his program participation while in prison (id., Ex. C). Respondent did not file a response to Petitioner's motion.

## DISCUSSION

Petitioner has filed a "Motion Requesting Leave to File a First Amended Habeas Petition" pursuant to Federal Rule of Civil Procedure 15(a), in which he seeks leave to file an amended petition with "two of his most compelling constitutional claims." (Mot. to Am. at 1.) The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. Mayle v. Feliz, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. Id. at 655. Moreover, a motion to dismiss is not a pleading. Morrison v. Mahoney, 399 F.3d 1042, 1046-47 (9th Cir. 2005). Here, Respondent filed a motion to dismiss and not an answer; therefore, he has not filed a responsive pleading. See id. Thus, Petitioner may amend his habeas petition as a matter of course. Accordingly, the Court GRANTS Petitioner's motion for leave to file an amended petition.

In his motion to dismiss, Respondent challenges the original petition on two grounds: (1) insufficient information alleged and (2) failure to exhaust state judicial remedies. The Court has granted Petitioner leave to file an amended petition. In his amended petition, Petitioner states two clear federal challenges to his parole denial, and he also provides evidence of exhaustion of his state judicial remedies. Therefore, Respondent's challenges to the original petition are moot. Accordingly, Respondent's motion to dismiss is DENIED as moot.

The Court now turns to the amended petition. A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Federal courts have a duty to construe pro se petitions for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

In his amended petition, Petitioner seeks federal habeas corpus relief from the Board's December 8, 2005 decision finding him unsuitable for parole on the grounds that (1) the Board violated his liberty interest in parole by denying him parole without "the requisite 'some evidence' necessary to support the conclusion that he is currently too dangerous to be released;" and (2) the state court's opinion was "an unreasonable application of the some evidence standard." (Am. Pet. at 6-A.) Liberally construed, Petitioner's claims in his amended petition appear colorable under § 2254 and merit an answer from Respondent. See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). Because it appears that Petitioner has fully exhausted his state court remedies with respect to each claim he raises in his amended petition, see 28 U.S.C. § 2254(b), (c); because it appears that the petition was timely filed, see 28 U.S.C. § 2244(d); and because Petitioner raises claims cognizable in a petition filed pursuant to § 2254,

3

Respondent is directed to SHOW CAUSE why the amended petition should not be granted.

## CONCLUSION

For the foregoing reasons,

1.   Petitioner's motion for leave to file an amended petition (docket no. 11) is GRANTED.  The Clerk of the Court is directed to file the document attached to Petitioner's motion, which is labeled, "First Amended Habeas Petition" and docket the aforementioned document as Petitioner's "Amended Petition."  The Clerk is further directed to mark the Amended Petition as filed on December 7, 2008, the date it was received by the Court.

2.   Respondent's motion to dismiss (docket no. 6) is DENIED as moot.

3.   The Clerk of the Court shall serve by certified mail a copy of this Order and the Amended Petition as well as all attachments thereto upon Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

4.   Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.  Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision thirty days after the date Petitioner is served with Respondent's Answer.

5.   Respondent may file another motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **thirty (30) days** of

receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

9. This Order terminates Docket nos. 6 and 11.

IT IS SO ORDERED.

DATED: March 31, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Mosby4216.MTDmoot&2ndOSC.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VINCENT MOSBY,

        Plaintiff,

v.

ANTHONY P KANE et al,

        Defendant.

Case Number: CV07-04216 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent A. Mosby H29851
CTF-Soledad
P.O. Box 689 F-241-L
Soledad, CA 93960-0689

Dated: April 1, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Mosby4216.MTDmoot&2ndOSC.frm