| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| DEMETRIUS DANIEL, | No. C 08-03221 SBA (PR) |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| ROBERT L. AYERS, JR., Warden, | (Docket no. 6) |
| Respondent. / | |

Petitioner Demetrius Daniel, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings (Board) on March 8, 2007.

On October 16, 2008, the Court found that Petitioner's claim appeared cognizable under § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted. On February 17, 2009, Respondent filed an answer. On March 13, 2009, Petitioner filed a traverse.

Before the Court is Respondent's motion to dismiss the petition as moot. Respondent alleges that on May 5, 2009, the Board found Petitioner suitable for parole. On July 27, 2009, the governor exercised his discretion and reversed the Board's decision. Respondent argues that the Board's 2009 decision finding Petitioner suitable for parole renders moot the present challenge to the Board's 2007 parole denial. Petitioner filed an opposition to the motion to dismiss, and Respondent filed a reply.

**DISCUSSION**

The case or controversy requirement of Article III of the United States Constitution deprives a court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, the petitioner "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The party asserting mootness bears the burden of establishing that there is no "effective relief" remaining that the court could provide. Southern Oreg. Barter Fair v. Jackson County, 372 F.3d 1128, 1134 (9th Cir. 2004).

The present action challenging the Board's 2007 decision is not rendered moot by the Board's subsequent 2009 decision finding Petitioner suitable for parole. The alleged injury -- a constitutionally deficient parole suitability hearing -- can be redressed effectively with a new parole hearing. Even though Petitioner has been found suitable by the Board in 2009, the governor has reversed that finding and Petitioner is still in custody. The present petition challenging the Board's 2007 denial has not lost its character as a present, live controversy because the alleged injury can be redressed by a favorable judicial decision. If the Court granted the present petition, it would remand this case to the Board to evaluate Petitioner's suitability for parole in accordance with due process of law and retain jurisdiction to enforce its order. The Board would re-evaluate Petitioner's suitability for parole. Even if the Board found Petitioner suitable for parole, the governor could reverse the Board's suitability finding. At that point, the Court could review and overturn the governor's reversal, if appropriate.

Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition as moot.

## **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss the petition (docket no. 6) is DENIED.
2. The Court will address the merits of the petition in a separate written Order.
3. Petitioner must keep the Court informed of any change of address.
4. This Order terminates Docket no. 6.

IT IS SO ORDERED.

DATED: 1/12/10

                                                        *Saundra B Armstrong*
                                                        SAUNDRA BROWN ARMSTRONG
                                                        United States District Judge

P:\PRO-SE\SBA\HC.08\Daniel3221.DENYdismiss(moot).frm

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 6 | VINCENT MOSBY, | Case Number: CV07-04216 SBA |
| 7 | Plaintiff, | **CERTIFICATE OF SERVICE** |
| 8 | v. | |
| 9 | ANTHONY P KANE et al, | |
| 10 | Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent A. Mosby H29851
CTF-Soledad
P.O. Box 689 F-241-L
Soledad, CA 93960-0689

Dated: January 13, 2010

Richard W. Wieking, Clerk

By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Daniel3221.DENYdismiss(moot).frm