IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT A. MOSBY, | No. C 07-04216 SBA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO AMEND RECORD, DENYING HIS MOTION TO DISMISS, AND SETTING BRIEFING SCHEDULE** |
| v. | |
| ANTHONY P. KANE, Warden, | (Docket nos. 16, 17) |
| Respondent. | |

Petitioner Vincent A. Mosby, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings (Board) on December 8, 2005.

On January 17, 2008, the Court found that Petitioner's claim appeared cognizable under § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted.

Before the Court is Respondent's motion to dismiss the petition as moot. Respondent alleges that on January 7, 2009, the Board found Petitioner suitable for parole. Thereafter, the governor exercised his discretion and reversed the Board's decision. Respondent argues that the Board's 2009

decision finding Petitioner suitable for parole renders moot the present challenge to the Board's 2005 parole denial. Petitioner filed an opposition to the motion to dismiss, and Respondent filed a reply.

Also before the Court is Respondent's motion to amend the record to include Petitioner's January 7, 2009 parole suitability hearing transcript as Exhibit A.

## **DISCUSSION**

The case or controversy requirement of Article III of the United States Constitution deprives a court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, the petitioner "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The party asserting mootness bears the burden of establishing that there is no "effective relief" remaining that the court could provide. Southern Oreg. Barter Fair v. Jackson County, 372 F.3d 1128, 1134 (9th Cir. 2004).

The present action challenging the Board's 2005 decision is not rendered moot by the Board's subsequent 2009 decision finding Petitioner suitable for parole. The alleged injury -- a constitutionally deficient parole suitability hearing -- can be redressed effectively with a new parole hearing. Even though Petitioner has been found suitable by the Board in 2009, the governor has reversed that finding and Petitioner is still in custody. The present petition challenging the Board's 2005 denial has not lost its character as a present, live controversy because the alleged injury can be redressed by a favorable judicial decision. If the Court granted the present petition, it would remand this case to the Board to evaluate Petitioner's suitability for parole in accordance with due process of law and retain jurisdiction to enforce its order. The Board would re-evaluate Petitioner's suitability for parole. Even if the Board found Petitioner suitable for parole, the governor could reverse the Board's suitability finding. At that point, the Court could review and overturn the governor's reversal, if appropriate.

Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition as moot.

2

United States District Court
For the Northern District of California

# **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to amend the record to include Petitioner's January 7, 2009 parole suitability hearing transcript as Exhibit A (docket no. 17) is GRANTED.

2. Respondent's motion to dismiss the petition (docket no. 16) is DENIED.

3. Within **sixty (60) days** of the date of this Order, Respondent shall file an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon Respondent within **thirty (30) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

5. Petitioner must keep the Court informed of any change of address.

6. This Order terminates Docket nos. 16 and 17.

IT IS SO ORDERED.

DATED: 1/12/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Mosby4216.DENYdismiss(moot).frm

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MOSBY,<br><br>        Plaintiff,<br><br>  v.<br><br>ANTHONY P KANE et al,<br><br>        Defendant. | Case Number: CV07-04216 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent A. Mosby H29851
CTF-Soledad
P.O. Box 689 F-241-L
Soledad, CA 93960-0689

Dated: January 15, 2010

        Richard W. Wieking, Clerk

        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Mosby4216.DENYdismiss(moot).frm